

**ORDERED in the Southern District of Florida on October 28, 2009.**

_____
**Erik P. Kimball, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | |
|---|---|
| **In re:** | **CASE NO.: 08-15510-EPK** |
| **JOHN E. LEONARD,** | **CHAPTER 7** |
| Debtor. _____/ | |
| **DEBORAH C. MENOTTE, Trustee** in Bankruptcy for John E. Leonard, | **ADV. NO.: 08-01557-EPK** |
| Plaintiff, v. | |
| **CATHY J. LEONARD and MACON BANK, INC.,** | |
| Defendants. _____/ | |

**ORDER (A) DENYING MACON BANK, INC.'S MOTION FOR
SUMMARY JUDGMENT AND (B) GRANTING SUMMARY JUDGMENT
<u>IN FAVOR OF CHAPTER 7 TRUSTEE AGAINST MACON BANK, INC.</u>**

**THIS MATTER** came before the Court upon *Macon Bank, Inc.'s Motion for Summary*

1

*Judgment* (the "Motion for Summary Judgment") [DE 74]. The Court has considered the Motion for Summary Judgment and the *Trustee's Response in Opposition to Macon Bank, Inc's Motion for Summary Judgment* (the "Response") [DE 86], and is otherwise fully advised in the premises.

In connection with the Motion for Summary Judgment, the Defendant Macon Bank, Inc. ("Macon Bank") and the plaintiff, Deborah C. Menotte as trustee in bankruptcy for John E. Leonard (the "Trustee"), filed a stipulation addressing all facts relevant under applicable North Carolina law to the Trustee's claims against Macon Bank. In the Motion for Summary Judgment and the Response, Macon Bank and the Trustee fully developed their arguments on the issues necessary to the Court's analysis.[1] No set of facts outside those addressed in the written stipulation would affect the Court's ruling. The Court is left with the job of applying the law to the undisputed facts. For the reasons set forth below, the Court denies the Motion for Summary Judgment and, *sua sponte*, grants summary judgment in favor of the Trustee against Macon Bank.

I.   Background and Facts

On April 30, 2008, John E. Leonard (the "Debtor") filed a petition commencing a chapter 7 case in this Court. [08-15510-EPK, DE 1.] The Trustee was appointed as trustee in the Debtor's chapter 7 case.

On September 2, 2008, the Trustee commenced this adversary proceeding by filing a

---

[1] Macon Bank stated in its Motion for Summary Judgment that "[t]his case can be determined upon the following undisputed facts" and then listed the facts that the Court relies on in this Order. The legal issue addressed by the Court is the very issue presented by Macon Bank in its motion – "whether a bankruptcy trustee may, by recording a notice of *lis pendens*, defeat an innocent lender's not-yet-recorded mortgage interest in a property which had been fraudulently transferred to the mortgagor." Thus, in the Motion for Summary Judgment Macon Bank addressed the pertinent legal issue and fully presented the relevant evidentiary record necessary to allow the Court to grant summary judgment in this matter. "[W]here a legal issue has been fully developed, and the evidentiary record is complete, summary judgment is entirely appropriate even if no formal notice has been provided." *Artistic Entm't, Inc. v. City of Warner Robins*, 331 F.3d 1196, 1202 (11th Cir. 2003) (citing cases).

2

complaint against the Debtor's spouse, Cathy J. Leonard ("Ms. Leonard").  On February 13, 2009, the Trustee filed her *Trustee's Motion for Leave to Amend Complaint*, in which the Trustee sought to add Macon Bank as a defendant and to add counts to determine the validity, priority, and amount of Macon Bank's interest in certain real property in North Carolina, to quiet title in such real property pursuant to § 46-10 North Carolina General Statutes, for related declaratory relief pursuant to Bankruptcy Rules 7001(9), and for sale of such property in lieu of partition pursuant to § 46-22 North Carolina General Statutes.  On March 9, 2009, the Court granted the *Trustee's Motion for Leave to Amend Complaint* and the Trustee's Amended Complaint [DE 45] was deemed filed as of February 19, 2009.

In connection with the Motion for Summary Judgment, the Trustee and Macon Bank stipulated to the following pertinent facts:

1. Prior to February 7, 2008, Ms. Leonard and the Debtor, her husband, were the joint owners of the real property located at 191 Sugarfork Road, Franklin, North Carolina 28734 (the "North Carolina Property").

2. On February 7, 2008, the Debtor transferred his one-half interest in the North Carolina Property to Ms. Leonard by quitclaim deed.  The quitclaim deed was recorded in the official records of Macon County, North Carolina, on February 19, 2008.

3. On August 18, 2008, Ms. Leonard executed a home equity line of credit agreement in the amount of $60,000 with, and gave a Deed of Trust (the "Deed of Trust") on the North Carolina Property in favor of, Macon Bank.

4. The Trustee recorded a Notice of Lis Pendens with the Macon County Register of Deeds on September 3, 2008.

5.      The Bank recorded the Deed of Trust in the Macon County Register of Deeds on September 8, 2008.  Thus, the Trustee's Notice of Lis Pendens was recorded five days prior to the recording of the Deed of Trust.

II.     Summary Judgment Standard

Federal Rule of Civil Procedure 56(c), made applicable to this matter by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is appropriate if the Court determines that the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc*., 121 F.3d 642, 646 (11th Cir. 1997).  In considering a motion for summary judgment, the Court must construe all facts and draw all reasonable inferences in the light most favorable to the non-moving party.  *HCA Health Services of Ga., Inc. v. Employers Health Ins. Co.,* 240 F.3d 982, 991 (11th Cir. 2001).

The moving party has the burden of establishing that there is an absence of any genuine issue of material fact. *Celotex,* 477 U.S. at 323.  "[O]nce the moving party has met that burden by presenting evidence which, if uncontradicted, would entitle it to a directed verdict at trial, Federal Rule of Civil Procedure 56(e) shifts to the non-moving party the burden of presenting specific facts showing that such contradiction is possible." *Walker v. Darby*, 911 F.2d 1573, 1576 (11th Cir. 1990) (citation omitted).  "A mere 'scintilla' of evidence supporting the opposing party's

4

position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Id.* (*citing Anderson*, 477 U.S. at 252).

III.    Analysis

In the Amended Complaint, the Trustee asserts three causes of action against Macon Bank: (a) Count III – Determination as to Validity, Priority, and Amount of Interest in North Carolina Property as to Macon Bank, Inc.; (b) Count IV – Action to Quiet Title as to Macon Bank, Inc.; and (c) Count IV [sic] – Action for Declaratory Relief as to Macon Bank, Inc. The Court addresses these in turn.

> (a)    *Count III – Determination as to Validity, Priority, and Amount of Interest in North Carolina Property as to Macon Bank, Inc.*

The Trustee seeks a determination from this Court that, upon avoidance and recovery of the transfer of the Debtor's one-half interest in the North Carolina Property to Ms. Leonard, the estate will hold a one-half interest in the North Carolina Property free and clear of any lien, claim, right, title, or interest of Macon Bank. The Trustee cites 11 U.S.C. §§ 541, 544(a)(1), 544(a)(2), and 544(a)(3).

Macon Bank argues that as the recipient of the Deed of Trust for value, in good faith, without knowledge that the transfer of the Debtor's one-half undivided interest in the North Carolina Property to Ms. Leonard could be avoided, it has a complete defense under section 550(b). In response, the Trustee argues that the section 550(b) defense is not available to Macon Bank because the Trustee brings its claims against Macon Bank in Count III under section 544 alone and not under section 550.

The Court finds neither position persuasive. In answer to the Trustee's argument,

section 544 applies only to a "transfer of property *of the debtor* or any obligation incurred *by the debtor*." 11 U.S.C. § 544(a) (emphasis added). The Deed of Trust was a transfer from Ms. Leonard, then the sole record owner of the North Carolina Property, to Macon Bank. That a trustee in bankruptcy might later avoid the transfer of the Debtor's one-half interest in the North Carolina Property to Ms. Leonard does not make the Deed of Trust from Ms. Leonard to Macon Bank a transfer of property of the debtor within the ambit of section 544(a).[2] In answer to Macon Bank's argument, section 550 applies only "to the extent a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a)." 11 U.S.C. § 550(a). Because the Trustee has no valid claim against Macon Bank under section 544, and the Trustee's recovery against Macon Bank is not dependent on any of the other provisions cross-referenced in section 550(a) (see below), Macon Bank is not entitled to the benefit of the defense provided under section 550(b).

---

[2] By separate order, the Court granted the Trustee's motion for summary judgment against Ms. Leonard, avoiding the transfer of the Debtor's one-half interest in the North Carolina Property to Ms. Leonard pursuant to 11 U.S.C. §§ 548 and 550. Section 541(a)(3) provides that property recovered by the Trustee under section 550 becomes property of the estate. Thus, the one-half interest in the North Carolina Property recovered by the Trustee is property of the estate in this case. The fact that the property interest in question is now property of the estate does not mean that the Deed of Trust given by Ms. Leonard becomes a "transfer of property of the debtor" under section 544(a). At the time she gave the Deed of Trust to Macon Bank, Ms. Leonard was the sole title owner of the North Carolina Property under North Carolina law. The Debtor had no present legal interest. The inclusion of the recovered interest under section 541(a)(3) does not transform Ms. Leonard's Deed of Trust into an act by the "debtor." This conclusion is consistent with the unambiguous text of the Bankruptcy Code. Section 541 establishes property of the estate as of the commencement of a bankruptcy case. Property recovered by the Trustee under section 550 is brought into property of the estate so that the Trustee may administer it under, *inter alia*, section 704. By its nature section 544 is backward looking, allowing a trustee as a hypothetical lien creditor to avoid actions taken by the debtor prior to the filing of the case. Section 544 uses the phrase "any transfer of property of the debtor or any obligation incurred by the debtor" because it is focused on actions taken before commencement of the case, when there is by definition no "property of the estate." One might argue that as a result of section 541(a)(3) the one-half interest in the North Carolina Property becomes property of the estate as of the petition date, that the Deed of Trust was recorded after the petition date, and that the Deed of Trust is thus avoidable under section 549(a). Among other things, this assumes that section 541(a)(3) has retroactive effect, bringing into the estate property recovered during a case as though it were property of the estate on the petition date. Nothing in Section 541 supports this conclusion. In any case, the Court need not address section 549 in this context as it is not presented in the Amended Complaint.

Based on the foregoing, section 544(a) does not apply to the facts presented and the Trustee is not entitled to relief under Count III of the Amended Complaint.

(b)     *Count IV – Action to Quiet Title as to Macon Bank, Inc.*

In the Amended Complaint, the Trustee brings an action to quiet title under N.C. Gen. Stat. § 41-10.[3]

The material facts are not in dispute. On February 7, 2008, the Debtor transferred his one-half interest in the North Carolina Property to Ms. Leonard by quitclaim deed. The quitclaim deed was recorded in the official records of Macon County, North Carolina, on February 19, 2008. On August 18, 2008, Ms. Leonard executed a home equity line of credit agreement in the amount of $60,000 with, and gave the Deed of Trust to, Macon Bank. The Trustee recorded a Notice of Lis Pendens with the Macon County Register of Deeds on September 3, 2008. The Trustee's Notice of Lis Pendens has a filed document number of 200800**8132**. (emphasis added.)  The Bank recorded the Deed of Trust in the Macon County Register of Deeds on September 8, 2008. The Deed of Trust has a filed document number of 200800**8273**. (emphasis added.)

In the Motion for Summary Judgment, Macon Bank states that the issue presented in this case is "whether a bankruptcy trustee may, by recording a notice of *lis pendens*, defeat an innocent lender's not-yet-recorded mortgage interest in a property which had been fraudulently transferred to a mortgagor." [Motion for Summary Judgment at 4.]  Under North Carolina law, the answer is "yes." *Collingwood v. Brown*, 10 S.E. 868 (N.C. 1890) (finding that a party with a

---

[3] "An action may be brought by any person against another who claims an estate or interest in real property adverse

7

deed executed prior to but registered subsequent to a notice of *lis pendens* has no title as against third persons at the time of *lis pendens* and, therefore, is bound by all proceedings stemming from the *lis pendens*).[4]

North Carolina is a "race" recordation state "whereby the one who is first to record in the proper register of deeds has priority." *Den-Mark Props., LLC v. SunTrust Bank (In re Den-Mark Props., LLC)*, 2009 Bankr. LEXIS 843 (Bankr. E.D.N.C. Mar. 27, 2009) (citation omitted). The relevant statute provides:

> § 47-20. Deeds of trust, mortgages, conditional sales contracts, assignments of leases and rents; effect of registration
>
> (a) No deed of trust or mortgage of real or personal property, or of a leasehold interest or other chattel real, or conditional sales contract of personal property in which the title is retained by the vendor, shall be valid to pass any property as against lien creditors or purchasers for a valuable consideration from the grantor, mortgagor or conditional sales vendee, but from the time of registration thereof as provided in this Article; provided however that any transaction subject to the provisions of the Uniform Commercial Code (Chapter 25 of the General Statutes) is controlled by the provisions of that act and not by this section. Unless otherwise stated either on the registered instrument or on a separate registered instrument duly executed by the party whose priority interest is adversely affected, (i) instruments registered in the office of the register of deeds shall have priority based on the order of registration as determined by the time of registration, and (ii) if instruments are registered simultaneously, then the instruments shall be presumed to have priority as determined by:
>
>   (1) The earliest document number set forth on the registered instrument.
>
>   (2) The sequential book and page number set forth on the registered instrument if no document number is set forth on the registered instrument.
>
> The presumption created by this subsection is rebuttable.

---

to him for the purpose of determining such adverse claims . . . ." N.C. Gen. Stat. § 41-10.

[4] In its analysis, the *Collingwood* court addressed an earlier version of the North Carolina *lis pendens* statute. The differences between the statute as it then read and the current version of the statute, found at N.C. Gen. Stat. § 1-118, are not material to the Court's analysis.

N.C. Gen. Stat. § 47-20(a).[5]  Upon proper registration, an encumbrance is valid against lien creditors or purchasers for value.  *In re Den-Mark Props., LLC*, 2009 Bankr. LEXIS 843 (citing N.C. Gen. Stat. § 47-20.)  "If a judgment is obtained against a grantor of land subsequent to the execution of the conveyance, but prior to the time of its registration, the lien of the judgment has priority over the title of the grantee and the lands conveyed are subject to execution under the judgment."  2-17 Webster's Real Estate Law in North Carolina § 17-3 (2008).  A judgment creditor's knowledge of a prior unrecorded interest is not relevant to the analysis.  *Collingwood*, 10 S.E. at 869.[6]

    Here, Macon Bank concedes that the Trustee's Notice of Lis Pendens meets the technical requirements of the North Carolina statute and was properly indexed under Ms. Leonard's name.  It is undisputed that the Trustee's Notice of Lis Pendens was registered and cross-indexed five days prior to the registration of the Deed of Trust to Macon Bank and that the Notice of Lis Pendens has an earlier filed document number than the Deed of Trust.  By separate order, the Court granted summary judgment in favor of the Trustee against Ms. Leonard, avoiding and recovering the transfer of the Debtor's one-half interest in the North Carolina Property to Ms. Leonard under sections 548 and 550, and a separate judgment will follow.  This Court's judgment in favor of the Trustee against Ms. Leonard relates back to the date the Notice of Lis Pendens was properly recorded in the records of Macon County, North Carolina.  This precedes

---

[5] Section 47-20, quoted here, addresses deeds of trust such as the Deed of Trust in this case.  In her Response, the Trustee cited N.C. Gen. Stat. § 47-18, which pertains to conveyances, contracts to convey, options, and leases of land.  Except as to the types of conveyances addressed, the relevant portions of Sections 47-18 and 47-20 are worded identically and courts construe the two sections similarly.  2-17 Webster's Real Estate Law in North Carolina § 17-3.
[6] The parties stipulated that the Trustee did not have knowledge that Ms. Leonard had given the Deed of Trust on the North Carolina Property at the time the Trustee recorded her Notice of Lis Pendens.  This fact has no bearing on the

the recording of the Deed of Trust to Macon Bank. Accordingly, under North Carolina law the Trustee's rights in the North Carolina Property are superior to the rights of Macon Bank in such property and the Trustee is entitled to judgment under the first Count IV of the Amended Complaint.[7]

   (c)  *Count IV [sic] – Action for Declaratory Relief as to Macon Bank, Inc.*

The Trustee requests declaratory relief pursuant to Fed. R. Bankr. P. 7001(9). The Trustee seeks a determination that the estate owns a one-half undivided ownership interest in the North Carolina Property free and clear of the lien claimed by Macon Bank. As previously noted, the Court granted summary judgment in favor of the Trustee against Ms. Leonard, avoiding and recovering the transfer of the Debtor's one-half interest in the North Carolina Property under sections 548 and 550. In light of that ruling, and based on the Court's analysis of North Carolina law and the relevant facts, above, the Trustee is entitled to declaratory judgment, under the second Count IV of the Amended Complaint, that the estate holds a one-half undivided ownership interest in the North Carolina Property free and clear of any and all liens and interests claimed by Macon Bank under the Deed of Trust.

Accordingly, it is

ORDERED AND ADJUDGED that:

1.  Macon Bank's Motion for Summary Judgment [DE 74] is DENIED.

2.  The Court will enter judgment in favor of the Trustee against Macon Bank

---

Court's analysis under North Carolina law.

[7] While this seems a harsh result, the Court notes that Macon Bank could have waited to advance funds to Ms. Leonard until it had properly recorded the Deed of Trust and ensured that the Deed of Trust was not subject to prior recorded interests such as the Trustee's Notice of Lis Pendens. One assumes that in a "race" jurisdiction, such as

consistent with this Order.


Copies Furnished To:

Michael R. Bakst, Esq.
Patrick S. Scott, Esq.
Frank P. Delia, Esq.
John B. Culverhouse, Esq.
Heather L. Ries, Esq.
U.S. Trustee

*Michael R. Bakst, Esq. is directed to serve a conformed copy of this Order on all interested parties not listed above and to file a certificate of service.*

---

North Carolina, this would be common banking practice.